UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.       ) | 1:12-cr-00021-JAW |
| ) | |
| CAREY GONYER       ) | |

**ORDER ON GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE IMPEACHMENT BY JUVENILE ADJUDICATIONS**

With a jury selected and trial starting on Tuesday, July 24, 2012, the Government filed a motion *in limine* on Friday, July 20, 2012, to determine the admissibility of two prior juvenile adjudications against its chief witness. *Gov't's Mot.* in Limine *to Exclude Impeachment by Juvenile Adjudications* (ECF No. 84). The Court heard argument of counsel at a hearing on Friday afternoon and Mr. Gonyer formally responded on Sunday, July 22, 2012. *Def.'s Resp. to Gov't's Mot. in Limine to Exclude Impeachment by Juvenile Adjudications* (ECF No. 86). A single prior adjudication is at issue here. The Government's chief witness, a minor who is now 17, has a misdemeanor Theft by Unauthorized Taking conviction arising out of an incident in November 2008, when he was 14 and stole a cellphone from a desk at school.[1]

In general, a juvenile adjudication may be admitted for impeachment against a witness other than the defendant in a criminal case if the underling conviction would have been admitted against an adult and if admitting the evidence is

---

[1] The Government says that the witness also has a prior adjudication for reckless conduct and a pending charge of criminal trespass. The Defendant concedes that neither of these matters would be proper as impeachment evidence.

necessary to fairly determine guilt or innocence. FED. R. EVID. 609(d). Such evidence of a prior misdemeanor conviction must be admitted if the crime involved a dishonest act or false statement. FED. R. EVID. 609(a).

The Government cites *United States v. Grandmont*, 680 F.2d 867 (1st Cir. 1982), for the proposition that theft is not a crime of dishonesty. In *Grandmont*, the First Circuit considered the admissibility of a defendant's prior convictions for "purse snatching" and held that "robbery per se is not a crime of dishonesty within the meaning of 609(a)(2)." 680 F.2d at 871. The Government argues that the witness's pilfering of a cellphone is similar to purse snatching and so is not a crime of dishonesty in the First Circuit.

Mr. Gonyer points out in his response that the *Grandmont* Court also suggested "while a particular crime may not qualify as a crime of dishonesty or false statement per se, it may be committed by fraudulent or deceitful means such to bring it within the legitimate ambit of Rule 609(a)(2)." 680 F.2d at 871. He claims that the specific circumstances of the witness's theft—denying taking the cellphone and refusing to return it when confronted—transform the crime into a crime of dishonesty within the meaning of Rule 609(a)(2).

Here, the record does not establish whether the witness's taking of the cellphone from a desk at school involved sufficiently fraudulent or deceitful characteristics to fall within the drafters' meaning of "any other offense in the nature of *crimen falsi*." FED. R. EVID. 609(a)(2) advisory committee's note on the 2006 amendments. Given that "[h]istorically, offenses classified as *criminal falsi*

have included only those crimes in which the ultimate criminal act was itself an act of deceit," *id.*, the Court does not believe that mere denial of committing a crime renders the underlying offense a crime of dishonesty.  The Court agrees with the Government that the minor witness's theft of a cellphone is sufficiently similar to purse snatching that the juvenile adjudication would not be mandatorily admissible under Rule 609(a)(2).

This, however, does not end the discussion.  Rule 609(d) provides that evidence of a juvenile adjudication is admissible if "admitting the evidence is necessary to fairly determine guilt or innocence."  FED. R. EVID. 609(d)(4).  The Advisory Committee notes that "[a]dmittedly, . . . the strategic importance of a given witness may be so great as to require the overriding of general policy in the interests of particular justice."  FED. R. EVID. 609(a)(2) advisory committee's note on the 1972 proposed rules.  Citing Wigmore's "outspoken . . . condemnation of the disallowance of juvenile adjudications to impeach, especially when the witness is a complainant in a case of molesting a minor," the Committee says that "[t]he rule recognizes discretion in the judge to effect an accommodation among these various factors by departing from the general principle of exclusion."  *Id.*

Here, the minor witness is the central witness in the Government's case against Mr. Gonyer.  As the sole victim of the charges pending against the Defendant, it is this minor witness's credibility that is critical to determining whether the Government has made its case.  *Davis v. Alaska*, 415 U.S. 308 (1974) ("[t]he accuracy and truthfulness of [witness]'s testimony were key elements in the

State's case against petitioner"); *Giles v. Maryland*, 386 U.S. 66 (1967). Even though the spontaneous theft of a cellphone may not be a dishonest act or false statement within the meaning of Rule 609(a)(2), the witness's willingness to take the property of another may affect the jury's view of his credibility. It will be up to the jury to determine what, if any, weight to give the theft conviction in assessing the credibility of the witness's testimony. Under Rule 609(a)(1), the Court concludes that the probative value of this evidence exceeds its prejudicial effect and the Defendant may impeach the minor witness with evidence of his 2008 adjudication for theft.

The Court DENIES the Government's Motion *in Limine* to Exclude Impeachment by Juvenile Adjudications (ECF No. 84).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2012